IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   10-cv-60900-WPD

EMILIO PINERO

    Plaintiff,

vs.

YAM MARGATE, LLC,

    Defendant.
_____/

**DEFENDANT'S LIMITED APPEARANCE FOR PURPOSES OF RESPONSE TO ORDER TO SHOW CAUSE, MOTION TO VACATE DEFAULT, MOTION TO QUASH SERVICE OF PROCESS AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendant, YAM MARGATE, LLC, by and through its undersigned counsel and hereby files its Limited Appearance for Purposes of Response to the Order to Show Cause Why The Court Should Not Grant Plaintiff's Motion for Default Judgment [DE 64], its Motion to Vacate Default, its Motion to Quash Service of Process and Incorporated Memorandum of Law, and as grounds therefore states as follows:

**OVERVIEW**

Plaintiff filed his initial Complaint [DE 1] in the instant matter on June 1, 2010, alleging that the Defendant (initial Defendant was Jessica Mayer) violated the Americans With Disabilities Act (the "ADA").  The Third Amended Complaint ("TAC") [DE 36] was filed on February 22, 2011, which brought Defendant, YAM MARGATE, LLC, into the suit, alleging the same violations of the ADA.  On April 21, 2011, substitute service was made on the Secretary of State for the State of Florida, Division of Corporations, pursuant to Florida Statute §48.161.  A Clerk's Default [DE 62]

was entered against Defendant, YAM MARGATE, LLC, on June 21, 2011. That same day, Plaintiff filed a Motion for Default Final Judgment [DE 63].

As more fully set forth below, Defendant, YAM MARGATE, LLC, was not personally served with the TAC, and was not mailed a copy of the TAC after Plaintiff caused the Florida Secretary of State, Division of Corporations to be served on Defendant's behalf. Therefore, pursuant to Fed.R.Civ.P. 55(c), good cause exists for why Defendant, YAM MARGATE, LLC, failed to timely respond to the Third Amended Complaint as it was unaware of the specific allegations leveled against it. Florida law on substitute service of process requires strict compliance with the statutory language. Plaintiff's failure to strictly comply with the applicable Federal and Florida Statutes establishes good cause for vacating the Default and for entering an Order quashing the service of process against Defendant, YAM MARGATE, LLC.

As good cause exists, this Honorable Court should deny Plaintiff's pending Motion for Default Final Judgment, set aside the Clerk's Default, and enter an Order quashing the service of process against Defendant, YAM MARGATE, LLC, as the service was (i) executed under the incorrect Florida long arm jurisdiction Statute, and (ii) Plaintiff failed to strictly comply with the requirements for substitute service against a domestic corporation.

**RESPONSE TO ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT GRANT PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT**

1. Defendant, YAM MARGATE, LLC, was never served with the TAC and was not provided a copy by mail, and was therefore unable to respond to the allegations leveled against it by Plaintiff.

2. The Third Amended Complaint [DE 36], filed on February 22, 2011, was the first involvement of Defendant, YAM MARGATE, LLC, in the instant litigation.

3. Plaintiff acknowledged in his Motion for Extension of Time To Effectuate Service

        [DE 38] that he had been unable to serve Defendant, YAM MARGATE, LLC, at the "corporate address", and would therefore be serving the Florida Secretary of State.

4. Plaintiff subsequently filed [DE 60] the Affidavit of Service of Process Server Christopher Compton, which stated that he served "Angel Granger of the State of Florida, as the designated agent to accept service of process for and on behalf of the within named defendant: YAM MARGATE, LLC C/O SECRETARY OF STATE, DIVISION OF CORPORATIONS C/O FLORIDA SECRETARY OF STATE PER F.S. 48.161."

5. Florida Statute §48.161(1) specifically requires, "Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process…"

6. To date, neither Plaintiff nor his attorney have filed an affidavit and/or a return receipt evidencing that notice of service and a copy of the process were ever mailed to Defendant.

7. Defendant, YAM MARGATE, LLC, avers that it never received a copy of the TAC from either the Plaintiff, a process server or the Florida Department of State Division of Corporations.

8. Therefore, good cause exists why this Honorable Court should deny Plaintiff's Motion for Default Final Judgment as Defendant was unable to respond to the TAC as it was unaware of the specific allegations contained in the TAC

9. Further, Defendant's lack of knowledge shows that the default entered by the Clerk

[DE 62] was not as a result of any intention or reckless disregard for these judicial proceedings.

## MOTION TO VACATE DEFAULT AND QUASH SERVICE OF PROCESS

10. Fed.R.Civ.P. 55(c) permits the Court to set aside an entry of default for good cause, a liberal standard that varies from situation to situation.

11. The primary, albeit not exclusive, factors for determining whether good cause is shown for setting aside an entry of default are: (i) whether the default was culpable or willful; (ii) whether setting aside the default would prejudice the adversary; and, (iii) whether the defaulting party presents a meritorious defense.

12. The initial factor is satisfied, as set forth above, because Defendant, YAM MARGATE, LLC, did not have notice of the allegations contained in the TAC, thereby establishing an absence of culpability or willfulness on the part of the Defendant in failing to respond to the TAC.

13. The second factor is satisfied as the delay in the instant case (i) was not lengthy in time, and (ii) would not result in the loss of evidence, increased discovery difficulties or provide the opportunity for fraud and/or collusion.

14. As noted above, the Clerk's Default [DE 62] was entered on June 21, 2011 after the filing of the Affidavit of Service of Process Server Christopher Compton [DE 60].

15. The instant filing is being made nine days after the default and just over two months after the substituted service, which Defendant shows was done improperly.

16. Plaintiff cannot claim that the default would result in the loss of evidence, increased discovery difficulties or opportunity for fraud or collusion with regard to Defendant, YAM MARGATE, LLC.

17. Exhibit 1 to [DE 32] establishes that Defendant, YAM MARGATE, LLC, did not have any ownership interest in the subject property until January 2011, some seven months after the initiation of litigation by the Plaintiff.

18. In addition to the failure of Plaintiff to serve the prior property owner during the seven months from the filing of the initial Complaint up to the sale of the property to Defendant, YAM MARGATE, LLC, a review of the docket shows that prior to Defendant being named as a party to this suit, this Honorable Court issued Orders to Show Cause regarding lack of prosecution toward Plaintiff on November 30, 2010 [DE 22], on December 23, 2010, and again on February 3, 2011.

19. As to the final prong, a meritorious defense is clearly shown as the TAC is facially insufficient to establish the long arm jurisdiction necessary in order for Plaintiff to successfully perform substituted service of process.

20. Pursuant to Fed.R.Civ.P. 4(h)(1)(A), a domestic or foreign corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual", or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant…"

21. Fed.R.Civ.P. 4(e)(1) requires "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;".

22. Florida service of process on a corporation doing business in the State of Florida is governed by Florida Statute §48.081(1).

23. Although Plaintiff's Motion for Extension of Time [DE 38] only indicated that service was attempted at the "corporate address" (without specifying what address that was or when attempts were made), Plaintiff proceeded to effectuate substitute service of process on Defendant by serving the Florida Secretary of State pursuant to Florida Statute §48.161-although Florida law is clear that long arm service on corporations is governed by Florida Statute §48.181.

24. Prior to having service made on the Florida Secretary of State, Plaintiff did not amend the TAC in order to establish the basis for long arm jurisdiction in the pleadings, as is a requirement under Florida Statute §48.181.

25. After serving the Florida Secretary of State, Plaintiff never filed proof that he sent by registered or certified mail, on or before the return day for the service of process, a copy of the TAC and affidavit of service to Defendant, YAM MARGATE, LLC, as required by Florida Statute §48.161.

26. As such, Plaintiff failed to strictly adhere to the statutory requirements for substitute service under Florida law.

27. Additionally, as indicated above, the service was done pursuant to Florida Statute §48.161, while the allegations of the TAC and the Motion for Extension of Time demonstrate that substitute service pursuant to Florida statutes on long arm jurisdiction should have been done pursuant to Florida Statute §48.181(1), which states that it governs service on "any person who is a resident of the state and who subsequently…conceals his or her whereabouts…".

28. In order to effectuate service under Florida Statute §48.181(1) a party must plead that the company, through its officers or agents, was concealing its whereabouts.

29. As the TAC is devoid of any such allegation, Plaintiff's substituted service in the instant case would not satisfy the strict construction of Florida Statute §48.181(1).

30. A second meritorious defense is also apparent from the materials already filed with the Court, namely a lack of standing to demonstrate that since Defendant, YAM MARGATE, LLC, took possession of the property on January 31, 2011 that the physical barriers alleged by Plaintiff continue to exist on the property.

31. As the visit by Plaintiff was alleged to have taken place prior to the initial filing of this litigation, Defendant did not acquire any ownership interest in the property until seven months after the filing of the Complaint, and there are no allegations in the TAC of a return visit by Plaintiff since the time of Defendant taking possession, there is no showing that Plaintiff's rights under the ADA have been violated by Defendant, YAM MARGATE, LLC.

32. A third meritorious defense is the intent of the owner to take corrective measures to physical barriers where readily achievable.

## MEMORANDUM OF LAW

<u>Legal Standard</u>

Pursuant to Rule 55(c), Fed.R.Civ.P., a good cause standard is used by the courts to determine whether to set aside a default. See *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In *Compania*, the Eleventh Circuit stated:

We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. [citations omitted]. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. [citations omitted]. We note, however, that these factors are not "talismanic," and that the courts have examined other factors including whether public interest was implicated, whether there was significant

CASE NO.: 10-cv-60900

financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.

*Id* at 951-52.

Good Cause Shown

With respect to "willfulness" or "culpability" on the part of Defendant, YAM MARGATE, LLC, the record is clear that the Defendant was never served with the TAC. See [DE 60], [DE 38]. Plaintiff performed substitute service of process by serving the Florida Secretary of State, pursuant to Florida Statute §48.161, which statute requires sending the complaint and return of service to the defendant via registered or certified mail. Defendant avers that it has never received a copy of the TAC from Plaintiff via registered, certified or regular mail. As such, it was not in a position to file a response to the pleading as it was unaware of the specific allegations leveled against it. Therefore, there cannot be any "willfulness" or "culpability" by Defendant in failing to respond timely to the TAC.

With respect to the second factor, prejudice to the Plaintiff, the minimal delay in the litigation in between the date of entry of default and the filing of the instant Response, Motion to Vacate, and Motion to Quash did not result in any loss of evidence, discovery difficulty or fraud/collusion. Citing to *Knox v. The Palestine Liberation Org.*, 248 F.R.D. 420 (S.D.N.Y. 2008), the Court in *Sapperstein v. The Palestinian Authority*, 2008 U.S. Dist. LEXIS 110375 at 41 (S.D.Fla. 2008), noted that "In deciding whether to set aside a default, delay alone is an insufficient basis for establishing prejudice." The Court went on to note, "there must be a showing that the delay will result in the loss of evidence, create increased discovery difficulties, or provide greater opportunities for fraud and collusion." *Id*.

In the instant case, there has been an insignificant amount of time elapsed between the entry

of the default by the Clerk and the filing of the instant motion, as compared to the delays in the instant litigation caused by Plaintiff prior to Defendant becoming a party to the action. There has been no evidence lost, no discovery difficulty created and no fraud and collusion occasioned by the nine day gap between entry of default and the filing of this Response with the included motion to quash service of process. Therefore, the second factor is resolved in favor of Defendant, YAM MARGATE, LLC.

With respect to the third factor, the demonstration of a meritorious defense, the record clearly establishes three avenues for a meritorious defense. First, the filings by Plaintiff [DE 32 Exhibit 1] shows that Defendant did not come into any ownership interest in the subject property until January 31, 2011. The allegations in the TAC with respect to the physical barriers encountered by the Plaintiff were the allegations put forward in the original Complaint, filed seven months prior to Defendant becoming the property owner. There is no allegation that Plaintiff has made any visit to the property since the date of ownership transfer, and therefore no demonstration of standing to assert a claim against Defendant for the conditions as they have existed since YAM MARGATE, LLC took possession of the property.

Secondly, the substituted service of process by the Plaintiff is facially insufficient and therefore invalid. Based upon the insufficient service of process, not only is a meritorious defense shown, but the grounds are established for the Motion to Quash service of process. Fed.R.Civ.P. 4(h)(1)(A) requires compliance with the service requirements specified in Fed.R.Civ.P. 4(e)(1), which in turn requires compliance with the laws of the forum state for serving a summons. The Affidavit of Service [DE 60] states on its face that service of process was performed pursuant to Florida Statute §48.161. Florida Statute §48.161 not only

requires mailing the complaint and notice of service to the defendant via registered or certified mail, but also requires that the plaintiff file (i) the defendant's return receipt, and (ii) the affidavit of the plaintiff or counsel of compliance before the return day of the process. Not only was Defendant never mailed a copy of the TAC and/or notice of service, but the Docket clearly demonstrates that Plaintiff filed neither a return receipt of such a mailing, nor an affidavit of Plaintiff or his counsel of compliance with the service requirements.

Florida law is clear that statutes governing service of process are to be strictly construed, and that valid service on a domestic corporation may only be effectuated by complying with those statutes. See *York Commc'ns, Inc. v. Furst Group, Inc.*, 724 So.2d 678, 679 (Fla. 4th DCA 1999). Florida law is also clear that absent strict statutory compliance, there is no personal jurisdiction over the defendant corporation. *Id.*

As a further ground for meritorious defense, Defendant states that it plans to take corrective measures with all barriers for which action is readily achievable thus rendering Plaintiff's claims moot. See *Jews for Jesus v. Hillsborough County Aviation Authority*, 162 F.3d 627 (11th Cir. 1998).

Conclusion

As Defendant, YAM MARGATE, LLC, has demonstrated good cause, this Honorable Court should deny Plaintiff's Motion for Default Final Judgment. Additionally, as good cause has been shown, this Honorable Court should grant Defendant's Motion and set aside the Clerk's Default of June 21, 2011. Finally, as the record is clear, this Honorable Court should quash the service of process on Defendant, YAM MARGATE, LLC as said service was facially insufficient and not in strict compliance with the applicable Florida statutes governing service of process on domestic corporations.

CASE NO.: 10-cv-60900

Dated June 30, 2011

                                                       Respectfully submitted,

By:    /s/ William Glenn Dill
        WILLIAM GLENN DILL, ESQ.
        Florida Bar No.: 127345
        LAW OFFICES OF GLENN DILL, PLLC
        2763 W. Orchard Cir.
        Davie, Florida 33328
        Telephone: (305) 632-4213
        Facsimile: (954) 628-5054
        E-Mail: dillwg@aol.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on June 30, 2011 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to LAUREN WASSENBERG, ESQ., 429 Lenox Ave., Suite 4W23, Miami Beach, Florida 33139.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: /s/ Daniel B. Reinfeld | By: /s/ William Glenn Dill |
| DANIEL B. REINFELD, ESQ. | WILLIAM GLENN DILL, ESQ. |
| Florida Bar No.: 174815 | Florida Bar No.: 127345 |
| DANIEL B. REINFELD, P.A. | LAW OFFICES OF GLENN DILL, PLLC |
| Ives Dairy Commerce Center | 2763 W. Orchard Cir. |
| 20249 NE 16th Place | Davie, Florida 33328 |
| Miami, FL 33179 | Telephone: (305) 632-4213 |
| Telephone: (954) 558-8139 | Facsimile: (954) 628-5054 |
| Facsimile: (305) 999-0397 | E-Mail: dillwg@aol.com |
| E-Mail: dan@reinfeldlaw.com | |