UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. CV 10-60900 DIMITROULEAS

EMILIO PINERO,

    Plaintiff,

vs.

YAM MARGATE, L.L.C.,

    Defendant.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
### TO QUASH SERVICE OF PROCESS

Plaintiff by his undersigned counsel hereby submits the following response to Defendant's motion to quash service of process.

### Facts

Plaintiff filed a Third Amended Complaint against the Defendant Yam Margate, L.L.C., (hereinafter Yam), on February 22, 2011, for injunctive relief pursuant to 42 U.S.C., Section 1282, and 28 C.F.R., Part 36 ADAAG. The facility in question had been owned by two other corporate entities, prior to its transfer to the present defendant.

Plaintiff is a left leg amputee from the knee down and uses a wheelchair for mobility purposes. The Complaint alleges that Plaintiff was discriminated against as a result of barriers that exist at Defendant's premises, when he attempted to access the premises, and that he will be further discriminated against in the future if the barriers that exist at the premises are not remediated.

After the issuance of a Summons against the Defendant Yam, Plaintiff forwarded the Summons and Complaint to his process server. After several attempts at service, the

process server forwarded a Return of Non Service which indicated that the server visited the principal corporate address, which is a private residence, on several occasions prior to the notification of non-service. The process server indicated that on February 24, 2011, he revisited the premises and observed a female pull into the residence. When he approached her and asked her about Yam Margate, she said she did not live there and pulled into the neighbor's driveway. The license tag on her vehicle, X14WUH, was registered to Michael Sasoni, who the Division of Corporations indicates is an officer of Yam.

The process server returned to the property later that date and observed a Lincoln Navigator bearing plate No. 437XHE in the driveway. This vehicle is registered to Alizza Elanit Asiiag and Ilan Asiiag who is also an officer of YAM. The vehicle was cold to the touch, the house was dark, and no one answered the doorbell. The process server remained at the address for a period of time but no one returned to the premises.

Thereafter, on April 21, 2011, the Defendant Yam was served by service upon the Secretary of State. As Ilan Asiiaag is the designated Registered Agent whose address is 5600 Oakview Terrace, Hollywood, Fl, which is the same address as that listed for Yam, service could not be effectuated against the Registered Agent either.

Defendant contends that as Yam was not personally served with the Third Amended Complaint, and was not mailed a copy of the pleading after service was effectuated against the Secretary of State, that service should be quashed. Defendant urges that Plaintiff should have amended the complaint to reflect difficulty in service, and further that the statute requires service of the pleading and notification by certified or registered mail within the time for Defendant to Answer.

With respect to an amendment, there is nothing set forth in the rules, statutes or case law which would require an amendment to a pleading to indicate that the Defendant was willfully and intentionally avoiding service. While a showing might be required by the Court to support a claim of evasion, it is certainly not required that such behavior be set forth in the Complaint.

Defendant is correct in stating that Florida statute, Section 48.161 requires notification, by registered or certified mail to the Defendant after service upon the Secretary of State. However, Defendant is incorrect in its assertion that "to date, neither Plaintiff nor his attorney have filed an affidavit and or a return receipt evidencing that notice of service and a copy of the process was ever mailed to Defendant." While it was not sent by registered or certified mail, on May 20, 2011, I mailed to the Defendant by regular mail a copy of the Motion for a Default and Request for the Clerk to enter judgment. (DE 53). The mailing is set forth in my certification of service, and the documents forwarded to Defendant indicated the date that the Secretary of State was served, as well as the basis for the underlying action.

Based upon the above, the Defendant was not prejudiced by the failure to forward the Complaint by registered or certified mail after service upon the Secretary, and the failure to do so in light of the notification that was provided to Defendant was merely ministerial.

As the Defendant does not dispute service upon the Secretary of State, it would be a waste of judicial time and resources to quash service at this time based upon a ministerial failure to provide the notice required by the Statute. This is especially so in light of the fact that notice of service was provided to the Defendant on May 20, 2011.

While this failure might well be a predicate to vacate a default judgment, it should not act as a basis to allow a Defendant who has steadfastly avoided service for months to avoid the condition of its premises with respect to persons such as the Plaintiff who is disabled.

WHEREFORE, it is respectfully requested that the motion to quash be denied, and that the Court issue an order directing the Defendant to interpose an Answer to the Complaint, together with such other and further relief as the Court might deem appropriate under the circumstances.

Respectfully Submitted

/s/ Lauren N. Wassenberg

Lauren N. Wassenberg, Esq.
429 Lenox Avenue, Suite 4W23
Miami Beach, FL 33139
Ph: (305) 537-3723
FL Bar No. 34083

### CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a copy of the within document was filed with the Court utilizing the CM/ECF electronic filing system and that a copy was electronically furnished to all attorneys of record.

/s/ Lauren N. Wassenberg

Lauren N. Wassenberg, Esq.
429 Lenox Avenue, Suite 4W23
Miami Beach, FL 33139
Ph: (305) 537-3723
FL Bar No. 34083