IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   10-cv-60900-WPD

EMILIO PINERO

    Plaintiff,

vs.

YAM MARGATE, LLC,

    Defendant.
_____/

**DEFENDANT'S LIMITED APPEARANCE FOR PURPOSES OF
REPLY BRIEF   TO MOTION TO QUASH SERVICE OF PROCESS
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendant, YAM MARGATE, LLC, by and through its undersigned counsel and hereby files its Limited Appearance for Purposes of its Reply Brief to the Motion to Quash Service of Process and Incorporated Memorandum of Law, and states as follows:

1. On June 30, 2011, Defendant, YAM MARGATE, LLC, filed its Response to the Court's Order to Show Cause, with incorporated Motion to Vacate Default and Motion to Quash Service of Process.

2. On June 30, 2011, this Court denied the Plaintiff's Motion for Default Final Judgment and vacated the default entered against Defendant, YAM MARGATE, LLC.

3. On July 14, 2011, Plaintiff filed his Response Brief to the Motion to Quash Service of Process.

4. Plaintiff's Response Brief fails to address compliance with Fed.R.Civ.P.

4(h)(1)(B), therefore, for purposes of this Reply Brief, Defendant presumes that service was attempted pursuant to Fed.R.Civ.P. 4(h)(1)(A) and Fed.R.Civ.P. 4(e)(1).

5. As set forth below, Plaintiff's Response fails to set forth grounds to overcome the failure of Plaintiff to strictly comply with the Florida statutes governing long arm service of process, and therefore long arm service of process on Defendant, YAM MARGATE, LLC must be quashed.

## Memorandum of Law

### I. Plaintiff's Proposed System for Service Would Deprive Defendant's of Due Process

Plaintiff acknowledges that the Florida Statutes were not strictly complied with in attempting long arm service of process in the instant case, but claims that there was no resulting prejudice to the Defendant as it was notified by regular mail of the filing of the default and Motion for Default Final Judgment. The legal standard in Florida is clear, the review is to determine whether or not the plaintiff strictly complied with the requirements spelled out in Florida's long arm service of process statutes, not whether there was any resulting prejudice to the Defendant as a result of the Plaintiff's failure to follow the law. "The statute must be strictly construed to protect due process guarantees." *Cantely v. Ducharme*, 2010 U.S. Dist. LEXIS 65745 at 3 (S.D.Fla. 2010).

Plaintiff's assertion that there would be no prejudice to a defendant as a result of the procedures used by Plaintiff runs contrary to the due process rights of defendants. Under the system proposed by Plaintiff, a plaintiff could serve the Florida Secretary of State and the defendant would not even learn of the pending litigation until after a default was entered and the defendant was facing (as in the instant case) a pending motion for default final judgment. Plaintiff's flawed service of process method would place defendants (such as Yam Margate) in a

position where they could risk losing the ability to present legal defenses and could only limit the damages awarded to the plaintiff.

The Florida Legislature inserted into F.S. §48.161(1) the language "…compliance shall be filed on or before the return date of the process…" in order to avoid the very situation that occurred in this case. The requirement of notice by registered or certified mail is a safeguard to ensure that defendants have the opportunity to timely respond to complaints, allowing matters to be fully adjudicated on the merits. Further, Defendant was prejudiced as it was forced to defend against the default, Motion for Default Final Judgment and challenge service of process before it can respond to the allegations leveled against it in the Third Amended Complaint.

## II.   Florida Statute §48.181 Requires Pleading Grounds for Basis for Long Arm Service of Process

Contrary to the assertion (without any statutory or case law cited in support) by the Plaintiff (namely that Florida law does not require pleading the basis for long arm service of process within the complaint), the law in Florida was addressed in *Cantely v. Ducharme*, *supra*:

> The jurisdictional requirements of *§ 48.181* are that the defendant conducts business in Florida and is either a (1) nonresident, (2) resident of Florida who subsequently became a nonresident, or (3) resident of Florida concealing his or her whereabouts. See *§ 48.181*; *Alvarado v. Cisneros, 919 So.2d 585, 589 (Fla. 3rd DCA 2006)*. The burden of pleading facts that support the applicability of substitute service falls on the party seeking to invoke the provisions of the long-arm statute. *Labbee v. Harrington, 913 So.2d 679, 682 (Fla. 3rd DCA 2005)*.

*Id* at *4.

As Defendant, YAM MARGATE, LLC, is a company, long arm service of process in the instant case should have been performed pursuant to F.S. §48.181, rather than §48.161 as was specified in the return of service affidavit of Plaintiff's process server. F.S. §48.161 is titled "Method of Substituted Service on  Nonresident", while F.S. §48.181 is titled, "Service on

Nonresident Engaging in Business in State".

Plaintiff's Third Amended Complaint (the first complaint directed against Defendant YAM MARGATE, LLC) merely states in paragraph (3) that "Defendant transacts business activity in the State of Florida…"  [DE 36].  The Third Amended Complaint is silent as to whether Defendant is either a nonresident, a resident that subsequently became a nonresident, or a resident concealing its whereabouts.  Plaintiff's Third Amended Complaint fails to establish the allegations necessary in order to support long arm service of process on the Secretary of State pursuant to F.S. §48.181.

Service of process against Defendant, YAM MARGATE, LLC, must be quashed as the service was (1) not in strict compliance with the Florida long arm service of process statutes, (2) done pursuant to the wrong statute, and (3) not supported by jurisdictional facts pled in the Third Amended Complaint.

CASE NO.: 10-cv-60900

Dated July 19, 2011

        Respectfully submitted,

By:   /s/ William Glenn Dill
      WILLIAM GLENN DILL, ESQ.
      Florida Bar No.: 127345
      LAW OFFICES OF GLENN DILL, PLLC
      2763 W. Orchard Cir.
      Davie, Florida 33328
      Telephone:   (305) 632-4213
      Facsimile: (954) 628-5054
      E-Mail: dillwg@aol.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on July 19, 2011 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to LAUREN WASSENBERG, ESQ., 429 Lenox Ave., Suite 4W23, Miami Beach, Florida 33139.

Respectfully submitted,          Respectfully submitted,

By:   /s/ Daniel B. Reinfeld        By:   /s/ William Glenn Dill
      DANIEL B. REINFELD, ESQ.         WILLIAM GLENN DILL, ESQ.
      Florida Bar No.:   174815            Florida Bar No.: 127345
      DANIEL B. REINFELD, P.A.          LAW OFFICES OF GLENN DILL, PLLC
      Ives Dairy Commerce Center        2763 W. Orchard Cir.
      20249 NE 16th Place               Davie, Florida 33328
      Miami, FL 33179                  Telephone:   (305) 632-4213
      Telephone: (954) 558-8139         Facsimile: (954) 628-5054
      Facsimile: (305) 999-0397          E-Mail: dillwg@aol.com
      E-Mail: dan@reinfeldlaw.com